# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP SULLIVAN, <br> CHARLOTTE SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY STEIN, et al, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil No. 3:03cv1203 (MRK) <br> : <br> : <br> : <br> : |

## RULING AND ORDER

Currently pending before the Court is *pro se* Plaintiffs' Motion to Renew Their Claims as to Indispensible Defendants re Section 1983 Conspiracy [doc. # 351]. In this Motion, Plaintiffs ask the Court to reconsider that portion of its earlier Ruling and Order [doc. # 141] dismissing Plaintiffs' claims against Maryanne Delisa and James Hyland, and permitting them to add a new party to the case, Martin Crowell, and new claims of malicious prosecution and false arrest. As this Court has already explained, because this Court gave Plaintiffs a final deadline of September 30, 2005, for the filing of their second amended complaint, and because the Plaintiffs have not alleged or demonstrated any good cause for amending the complaint at this time, and further because the Plaintiffs have already been given ample opportunity, which they have exercised numerous times, to amend their complaint in the nearly four years that this case has been pending, the Court DENIES Plaintiffs' Motion [doc. # 351].

As to that portion of Plaintiffs' motion which asks the Court to reconsider its earlier ruling, Plaintiffs have not even attempted to demonstrate why the Court should reconsider its earlier decision. "The standard for granting a motion for reconsideration is strict." *Scott v. Town of Monroe*, No. 3:02CV1539, 2004 WL 547202, at *1 (D. Conn. March 12, 2004). "The major grounds

justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), *cert. denied*, 502 U.S. 820 (1992) (citing 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478, at 790 (1981)). The Sullivans have neither pointed to evidence nor offered any justification for allowing them to bring Ms. Delisa and Mr. Hyland back into this lawsuit two years after they were dismissed.

As to that portion of the motion requesting to add an entirely new party and two additional claims, Plaintiffs have likewise failed to carry their heavy burden. As the Court has also explained in past rulings, *pro se* parties are not excused from abiding by the *Federal Rules of Civil Procedure*. *See Collins v. Experian Credit Reporting Serv.*, No. 3:04CV1905 (MRK), 2006 WL 3703414 (D. Conn. Dec. 14, 2006); *see also Wilson v. Gantert*, No. 01-CV-6371, 2004 WL 1591400, at *3 (W.D.N.Y. July 12, 2004) ("[E]ven pro se litigants must abide by the *Federal Rules of Civil Procedure*.") (internal quotation omitted). While, as a general matter, courts should freely grant permission to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a), the Second Circuit has made it clear that the good cause standard of Rule 16 supersedes the more liberal standard of Rule 15(a) where, as here, a motion to amend is filed after the deadline for amended pleadings set by a court's scheduling order, *see, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). Such an order was entered in this case, requiring amendments to the pleadings to be filed no later than September 30, 2005. *See* Ruling and Order [doc. # 247]. The Plaintiffs did not file the present motion to amend until March 1, 2007, after the Defendants moved

2

for summary judgment.

The Plaintiffs have not even attempted to demonstrate why such an action would be proper so late in this case, much less why there is good cause for their delay in amending the complaint for this purpose, as is their burden under Rule 16. To allow such action would clearly prejudice the defendants and is impermissible. Therefore, the Court DENIES Plaintiffs' to Renew Their Claims as to Indispensable Defendants re Section 1983 Conspiracy [doc. # 351].

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **April 10, 2007.**